HENRY DEMIEN

versus

YOUNG MEN'S CHRISTIAN ASSOCIATION.

7965

Court of Appeal
PARISH OF ORLEANS
FILED Dec. 11/22

Dinkelspiel; J.

Plaintiff institutes this suit alleging that the defendant is a corporation created under the laws of this State, conducting a lodging house or inn, operated by it, in its charges and under its management. Plaintiff rented a room from defendant and had been renting for several years prior to the present suit, and for which room he paid different prices at different times, and that on January 5th, 1919, plaintiff's room in defendant's building was entered during his absence, and naming articles of clothing belonging to him which were stolen, together with the sum of Thirty seven dollars in money, through a false key inserted in the door, he plaintiff was robbed of articles and cash altogether amounting to the sum of $147.00, for which he prayed judgment.

To this petition there was first filed an exception of no cause of action, and subsequently an answer, which sets up amongst other things, that defendant was a corporation created and existing under the laws of the State of Louisiana, having its domicile in the city of New Orleans, and alleging further that it does not conduct a lodging house or inn, in the city of New Orleans, faxxpraxxx but provides a home for certain of its members who pay a small price for the privilege of residing therein, and any man with a membership card aax from any Y. M. C. A. organization in any other part of the world is entitled to the same privileges in defendant's association, as are residents of the city of New Orleans; and at times the association entertains guests temporarily, who may not be members. Defendant avers further that plaintiff has has been a member of the association for fifteen years or more, during the past seven or eight years having paid a rental of maxaxxf $7.50 to $10.00 a month, and never paid as alleged by him, the sum of $3.00 per week. Alleging further that on the date stated by plaintiff he had the possession of the key of

12

his room, and defendant denies that any articles were taken therefrom, except by himself or to his knowledge, or by someone for whom defendant was not responsible, or further if they were taken they were not of the value claimed by plaintiff. In addition thereto plaintiff occupied a double room, that is a room with two beds, and had a roommate, and that both the roommate and plaintiff had keys to the room with the knowledge of plaintiff; also alleging that there were posted bulletins throughout the building that defendant would not be responsible for valuables left in the rooms. Wherefore it prayed for judgment in its favor.

On these issues the parties went to trial.

Plaintiff in his testimony so far as the loss of the articles are concerned and the value thereof, swore to them; he further stated that he had notified the Police Department of the City of New Orleans of the fact of the robbery, but nothing came of it, he testified further that there was a roommate with him in the same room, who had a separate key to the premises, coming and going as he chose; he further testified that he was fully aware of the character of the defendant's institution, its objects and everything in reference thereto, having been an inmate in the institution for possibly fifteen years or thereabouts.

The other witnesses in his behalf knew little or nothing about further than what plaintiff himself testified to, so it would be idle to summarize, as we do not consider that their testimony would aid additional support to what plaintiff had already testified to himself.

For the defendant the only witness was Mr. W. O. Hart, and we quote from the record:

"I desire to state that the Y. M. C. A. which is incorporated by the State Legislature, under Act 89 of 1872, is a charitable and eleemosynary institution. It has no capital stock, nor stockholders, no member of the organization as such receives any compensation, the only compensation is paid to the employees. Any profits, if there are any, that the association makes from renting rooms out, goes into charitable or eleemosynary

13

work and not for the benefit of any individual or the corporation. So far was this done that during the world war thousands of soldiers were accommodated, without money, and without price, at times as many as five thousand in one day."

In a written opinion handed down by the Judge of the Court aquo, in this case, he found:

"This corporation is created by an act of the Legislature of 1872. It is commonly known as a charitable institution and not as a hotel or rooming house, it is so only incidentally, and during the late military activities it served thousands of soliders, the rentals, if any were for maintainence and not for profit. This was or must have been known to plaintiff and he is now estopped from claiming the relation of innkeeper and guest. He was only entitled to the same protection as other guests in regard to his property, and has failed to show any active violation of his rights."

In the case recently decided by this court, John Jordan versus Touro Infirmary and Hebrew Benevolent Association, being No. 8840 of the docket of this Court, the syllabus reads:

Institutions which furnish hospital accommodations and medical attendance to different classes of patients, some for pay and other free of charge, not however for making money or profit, but for benevolent and charitable purposes exclusively, and whose entire receipts or revenue are derived for such purposes, are not liable even to pay patients for the errors or negligent acts of competent nurses furnished by them to their patient while such nurses are in the operating room assisting the surgeon and under his orders.

Cooley, 2nd Vol. p. 1011-1013.

"But this rule (that is the rule of respondent superior) does not apply to a purely charitable corporation, having no capital stock and whose members receive no dividends or profits from its operations, and such corporation is not liable for the torts or neglects of its servants in the performance of their duties."

To this same effect are numerous arthors, amongst them,

14

Parson, Morawetz, and others.

The charter of this defendant shows that it is a charitable institution created by act of the Legislature, Act 89 of 1872, under the laws of this state relative to the organizations of corporations for religious, literary, and charitable purposes.

The testimony of Mr. Hart shows that the entire revenue from all sources, paid to defendant, is used for the objects for which it was organized, all classes of persons are received and treated and the same services are rendered to inmates free of charge as to those given to pay inmates.

It has been held that there is no distinction between the liability of a charitable institution towards a charity patient and a pay patient, upon the theory that the pay patient does not pay for any particular service, but rather that he contributes in proportion to his means toward the conduct of its charity and that he is to receive the same measure of service as every other patient in the hospital.

Powers vs. Mass. Homeopathic Hospital, 109 Fed. 394; 64 L. R. A. 372.

When an employer derives no benefit from the retention of a hospital fund from its employees, it is liable only for failure to exercise ordinary care to select employees and retain a competent physician.

Congdon vs. La. Saw Mill, 142 La. 212, and numerous authorities cited in the Jordan case, already referred to.

The Civil Code, Art. 3232, referred to by counsel for plaintiff, reading:

"Those who are called innkeepers, who keep a tavern or hotel, and make a business of lodging travelers."

Referring particularly to the case of Seward vs. Denechaud, 120 La. 729, in our opinion has no application to this case, because the defendants are not innkeepers, do not keep a tavern or hotel, or make a business of lodging travelers.

A careful examination of the authorities quoted in

15

the Jordan case, and the reasons given by this court, citing numerous authorities from the Supreme Court of the United States, and other courts of the highest dignities, in the different states of the Union, prove conclusively that an institution of the character such as the defendant is, cannot under circumstances such as given in this record, be held responsible as is claimed by plaintiff in this case.

For the reasons assigned it is ordered, adjudged and decreed, that the judgment of the Court aquo be and the same is hereby affirmed, costs of both courts to be paid by the plaintiff.

—Judgment affirmed—